UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALFRED R. RHINEHART, JR.,

       Plaintiff,
  v.

CSX TRANSPORTATION, INC., and
NORFOLK SOUTHERN RAILWAY COMPANY,

       Defendants.

**DECISION
and
ORDER**

**10-CV-0086A(F)**

---

APPEARANCES:  LAW OFFICES OF EUGENE C. TENNEY
           Attorneys for Plaintiff
           LAURA C. DOOLITTLE, of Counsel
           5 Niagara Square
           Buffalo, New York 14202

           ANSPACH, MEEKS, ELLENBERGER, LLP
           Attorneys for Defendants
           J. CHRISTINE CHIRIBOGA, and
           MICHELLE M. PARKER, of Counsel
           Main Place Tower
           Suite 2400
           Buffalo, New York 14202-3724

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on February 9, 2010, for pretrial matters including report and recommendation on dispositive motions. The matter is presently before the court on Plaintiff's motion to remand (Doc. No. 6), filed February 17, 2010, and on Defendants' motion to amend the notice of removal (Doc. No. 7), filed February 24, 2010.

## **BACKGROUND and FACTS**[1]

On December 29, 2009, Plaintiff, Alfred R. Rhinehart, Jr. ("Plaintiff"), commenced this personal injury action in New York Supreme Court, Erie County ("state court"), seeking to recover for personal injuries sustained on September 11, 2009, when Plaintiff, while trespassing on railroad tracks owned by Defendant CSX Transportation, Inc.[2] ("CSX"), was struck by a train, allegedly operated by Defendant Norfolk Southern Railway Company ("Norfolk") (together, "Defendants"). The Complaint[3] asserts a negligence claim against each Defendant. Complaint First Cause of Action (CSX), and Second Cause of Action (Norfolk). Plaintiff also alleges Defendant CSX is a Virginia corporation, with its principal place of business in Florida, Complaint ¶ 2, whereas Norfolk is a Virginia corporation, with its principal place of business in Virginia, *id.* ¶ 3. Both Defendants were served with the summons and Complaint on January 4, 2010.

On February 3, 2010, Defendants filed a Notice of Removal (Doc. No. 1) ("Removal Notice"), thereby removing the action to this court, asserting diversity of citizenship as the basis for federal subject matter jurisdiction, given that both Defendants are Virginia corporations, with CSX's principal place of business in Florida, but without identifying Norfolk's principal place of business. Removal Notice ¶¶ 2-3. Defendants also assert Defendants "are not citizens of the State of New York. Thus,

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] In a Buffalo Police Department Police Report dated September 11, 2009, attached to the Complaint, Plaintiff was charged with trespassing on the subject railroad tracks in violation of N.Y. Penal Law § 140.05.

[3] A copy of the Complaint is filed as an attachment to the Notice of Removal (Doc. No. 1).

complete diversity of citizenship exists."[4]  Removal Notice ¶ 7.  In the answers to the Complaint, filed by each Defendant on February 8, 2010 (Doc. No. 3 ("CSX Answer"), and Doc. No. 4 ("Norfolk Answer"), each Defendant admits to being a Virginia corporation, but is silent as to its respective principal place of business.  CSX Answer ¶ 2; Norfolk Answer ¶ 3.

On February 17, 2010, Plaintiff filed the instant motion (Doc. No. 6) ("Plaintiff's Motion") seeking to remand the action to state court on the basis that Defendants, by failing to assert in the Removal Notice Norfolk's principal place of business, have not sufficiently established diversity as the basis for federal jurisdiction. Plaintiff's motion is supported by the attached Affidavit of Laura C. Doolittle, Esq. ("Doolittle Affidavit"), and exhibits A and B ("Plaintiff's Exh(s). __").  On February 24, 2010, Defendants moved for leave amend the Removal Notice (Doc. No. 7) ("Defendants' Motion").  Defendants' Motion is supported by the attached Memorandum of Law in Support of Motion for Leave to Amend Their Notice of Removal ("Defendants' Memorandum"), and the Affidavit of J. Christine Chiriboga, Esq., in Support of Motion for Leave to Amend Notice of Removal ("Chiriboga Affidavit").  On March 1, 2010, Defendants filed amended answers as a matter of course (Doc. Nos. 8 ("CSX Amended Answer") and Doc. No. 9 ("Norfolk Amended Answer"), in which CSX admits being a Virginia corporation with its principal place of business in Florida, CSX Amended Answer ¶ 2, and Norfolk admits being a Virginia corporation with its principal place of business in Virginia, Norfolk Amended Answer ¶ 3.

---

[4] Defendant's assertion, Removal Notice ¶ 7, that Plaintiff is a New York citizen is not disputed.

On March 17, 2010, Defendants filed a Response to Plaintiff's Motion to Remand (Doc. No. 14) ("Defendants' Response"), and Plaintiff filed the Affidavit of Laura C. Doolittle, Esq., in Opposition to Defendants' Motion for Leave to Amend Their Notice of Removal (Doc. No. 15) ("Doolittle Response Affidavit"), and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Leave to Amend Their Notice of Removal (Doc. No. 16) ("Plaintiff's Memorandum"). On March 22, 2010, Plaintiff filed the Reply Affidavit of Laura C. Doolittle, Esq. in Support of Plaintiff's Motion to Remand (Doc. No. 17) ("Doolittle Reply Affidavit"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion to amend the Removal Notice is GRANTED; Plaintiff's motion to remand is DISMISSED as moot.

## **DISCUSSION**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) ("§ 1441(a)"), which states in pertinent part

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

In the instant case, Defendants' removal of the action is predicated on diversity of citizenship, 28 U.S.C. § 1332, as the basis for federal subject matter jurisdiction.

Federal jurisdiction based on diversity requires complete diversity between all plaintiffs and defendants, and an amount in controversy exceeding $75,000.[5] 28

---

[5] Not disputed is that Plaintiff's injuries, including the severing of both legs, meet the diversity jurisdiction statutory $75,000 threshold.

U.S.C. § 1332(a). Here, both CSX and Norfolk are corporations. A corporation, for purposes of both 28 U.S.C. §§ 1332(a) and 1441, is deemed a citizen of (1) any state in which the corporation is incorporated; and (2) the state of the corporation's principal place of business. 28 U.S.C. § 1332(c)(1). As such, for purposes of diversity jurisdiction, a corporation is deemed a citizen of both its state of incorporation, and the state where the corporation's principal place of business is located. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 59 (2d Cir. 2009). Furthermore, although a corporation may conduct business in several states, only one state can serve as the corporation's principal place of business for diversity jurisdiction. *See Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1185-86, 1192-93 (2010) (holding a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters, - - provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings. . . .").

  Plaintiff moves pursuant to 28 U.S.C. §§ 1446(b) and 1447(c), to remand the action to state court, asserting Defendants' failure to allege in the Removal Notice Norfolk's principal place of business have failed to establish a basis for diversity jurisdiction. Doolittle Affidavit ¶¶ 7-10, 18-19. Defendants move pursuant to 28 U.S.C. § 1653 to amend the Removal Notice to assert that Norfolk's principal place of business is in Virginia, thereby asserting and confirming complete diversity between Plaintiff and both Defendants. That Plaintiff's Motion was filed one week before Defendants' Motion strongly suggests Plaintiff's Motion was the impetus for Defendants' Motion. The arguments submitted in support and in opposition to both motions are essentially the

same, centering on whether Defendants' omission from the Removal Notice Norfolk's principal place of business is a technical defect, which can be cured by amendment, or a substantive error precluding amendment and requiring remand. In fact, several of the documents filed with regard to one motion reference arguments made in support of, or in opposition to, the other motion. *See*, *e.g.*, Defendants' Response at 3-4 (discussing, in opposition to Plaintiff's Motion, that defective allegations of jurisdiction may be amended); Doolittle Reply Affidavit ¶ 3 (acknowledging Plaintiff asserts same argument both in further support of Plaintiff's Motion and in opposition to Defendants' Motion). Because granting either motion would necessarily moot the other motion, the court considers the arguments with regard to both motions, first discussing the arguments with regard to Plaintiff's Motion seeking remand.

Plaintiff argues in support of remand that Defendants, by failing to state in the Removal Notice Norfolk's principal place of business have "failed to *establish conclusively* total diversity of citizenship of the corporate defendants . . . ." Doolittle Affidavit ¶ 19 (italics added). Defendants argue in opposition to remand that the failure to assert a principal place of business for Norfolk is an "inadvertent omission of a technical aspect" which is "curable" by amendment and does not require remand. Defendants' Response at 1-3. Defendants also assert that Norfolk is not a proper party to this action, and that counsel for Plaintiff and Defendants have discussed dismissing Norfolk from the case. *Id.* at 5-6. In further support of remand, Plaintiff maintains, self-evidently, that "the mere characterization of a defect as an '*inadvertent omission of a technical aspect*' doesn't make it so," Doolittle Reply Affidavit ¶ 4 (italics in original), and that, absent any proof supporting Defendants' assertion regarding Norfolk's principal

6

place of business, the matter must be remanded. *Id*. ¶¶ 5, 9. Plaintiff further asserts that Defendants, by asserting that Norfolk is not a proper party to the action because the train that struck Plaintiff was not a Norfolk train, have created confusion as to whether diversity jurisdiction exists. *Id*. ¶¶ 8, 11-12.

Generally, when removal based on diversity jurisdiction is challenged on a motion to remand, the removing party bears the burden of establishing that the requirements for diversity jurisdiction were met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000). "Thus, 'if the averring party's allegations of jurisdictional facts are challenged by its adversary in *any appropriate* manner, the averring party must support them by competent proof.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (brackets omitted; italics in original)). In the instant case, however, Plaintiff seeks a remand not because Defendants are unable to establish federal jurisdiction based on diversity but, rather, because Defendants, by failing to set forth in the Removal Notice Norfolk's principal place of business, Doolittle Affidavit ¶¶ 7-10, 18-19, have "failed to *establish conclusively* total diversity of citizenship of the corporate defendants . . . ." Doolittle Affidavit ¶ 19 (italics added). Plaintiff's motion, however, confuses the standard necessary to establish diversity jurisdiction for purposes of pleading, with the standard necessary to establish diversity jurisdiction to survive a motion to dismiss.

Significantly, "[t]he petition to remove is analogous to a pleading." *White v. Wellington*, 627 F.2d 582, 587 (2d Cir. 1980). "The modern rules of notice pleading

7

'apply with as much vigor to petitions for removal as they do to other pleadings, which, according to Rule 8(f), F.R.Civ.P. 'shall be so construed as to do substantial justice.'" *White*, 627 F.2d at 587 (quoting *Rachel v. Georgia*, 342 F.2d 336, 340 (5th Cir. 1965), *aff'd*, 384 U.S. 780 (1966) (quoting Fed. R. Civ. P. 8(f))). "It is plain, therefore, that the [removal] petition is to be construed 'agreeably to the ordinary Rules of pleading' since in fact the petition for removal is the basis for the federal court's jurisdiction and it is a pleading of the facts necessary to vest jurisdiction in the federal court." *Rachel*, 342 F.2d at 340 (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 151 (1914)).

"A party seeking removal predicated on diversity of citizenship must allege sufficient facts to show diversity both at the time of the commencement of the action in state court and at the time of removal." *CBS, Inc. v. Snyder*, 762 F.Supp. 71, 73 (S.D.N.Y. 1991). In construing a removal notice, courts distinguish "between an 'imperfect' or 'defective' allegation and a wholly missing allegation . . . ." *Id*. As such, the court considers whether the Removal Notice provides any basis for diversity jurisdiction.

Although Defendants' Removal Notice is silent as to Norfolk's principal place of business, the Removal Notice does state, in the same paragraph in which diversity of citizenship is alleged as the federal subject matter jurisdiction basis, that "Defendants [CSX] and [Norfolk] are not citizens of the State of New York. Thus, complete diversity of citizenship exists." Removal Notice ¶ 7 (bracketed material added). This is consistent with Plaintiff's allegation in the Complaint that Norfolk is a Virginia Corporation with its principal place of business in Virginia. Complaint ¶ 3. Insofar as

Norfolk, in its original answer, admitted "only that it is and, on September 11, 2009, was a corporation existing under the laws of the Commonwealth of Virginia, and furthermore admits only that it is a common carrier in interstate transportation and commerce by rail, authorized to transact business in the State of New York," Norfolk's Answer ¶ 3, Norfolk did not specifically deny its principal place of business is in Virginia. Nor does Plaintiff maintain that Defendants' failure to assert Norfolk's principal place of business suggests that Norfolk may, after the instant action was commenced in state court, have relocated its principal place of business to a state other than New York so as to change Norfolk's citizenship, thereby creating diversity of citizenship so as to invoke this court's subject matter jurisdiction. *See Snyder*, 762 F.Supp. at 76 (observing that the failure to properly allege the citizenship of the parties only when the action is commenced is a defect that cannot be cured by an amended removal petition because "the missing jurisdictional allegation raises the inference that the defendant might have changed its citizenship after the state court action was filed solely in order to invoke the jurisdiction of the federal court." (citing cases)).

Supporting Defendants' assertion that the failure to assert Norfolk's principal place of business was "an inadvertent omission in the original Notice of Removal . . ." is that, as stated, Background and Facts, *supra*, at 3, on March 1, 2010, Norfolk filed, as a matter of course,[6] an amended answer admitting "that it is and, on September 11, 2009,

---

[6] As relevant, Fed. R. Civ. P. 15(a)(1)(B) provides that "[a] party may amend its pleadings once as a matter of course . . . within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Norfolk's Answer was filed on February 8, 2010 (Doc. No. 4), and Norfolk's Amended Answer was filed on March 1, 2010, which, although technically was 21 days after the initial answer was filed, February 28, 2010, was a Sunday, and, pursuant to Fed. R. Civ. P. 6(a)(3), is excluded from the computation of the 20 days Norfolk had to timely file the Amended Answer as a matter of course. Thus, Norfolk's Amended Answer was timely.

9

was, a corporation existing under the laws of the Commonwealth of Virginia, with its principal place of business at 3 Commercial Place in Norfolk, Virginia. . . ." Norfolk Amended Answer ¶ 3. "It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). Further, Plaintiff's concerns that Defendants' failure to assert any principal place of business for Norfolk in the original Norfolk Answer as well as in the Removal Notice suggests Norfolk's principal place of business might actually be in New York, thereby destroying diversity, Plaintiff's Memorandum at 4, begs the question of whether Plaintiff's assertion in the Complaint that Norfolk's principal place of business is in Virginia is sufficiently sincere to avoid sanctions for violation Fed. R. Civ. P. 11(c).

    Plaintiff, by moving to remand, is seeking to hold Defendants to a burden of proof necessary only when the subject allegation is substantive, rather than a technical defect at the pleading, *i.e.*, Removal Notice, stage. Had Plaintiff alleged in the Complaint that Norfolk was a New York corporation, thereby denying a basis for diversity jurisdiction, Plaintiff would have been correct in arguing Defendants were required to provide competent evidence that Norfolk's principal place of business is located somewhere other than New York. Here, however, the factual allegation that Norfolk's principal place of business, albeit missing from the Removal Notice, is provided in both Norfolk's Amended Answer and is the same as that alleged in the Complaint, such that Defendants are not seeking to interject into this action a new jurisdictional ground. As such, because Plaintiff, by challenging the Removal Notice as defective for failing to conclusively establish that Norfolk's principal place of business is

in some state other than New York, is seeking to impose on Defendants a higher pleading standard with regard to the Removal Notice than is required under Rule 8, Plaintiff does not challenge Defendants' allegations of jurisdictional facts "in *any appropriate* manner," and Defendants are not, at this stage of the proceedings, required to support such facts by competent proof. *United Food & Commercial Workers Union*, 30 F.3d at 301. Moreover, because Defendants' Removal Notice is construed according to the rules of pleading, *Rachel*, 342 F.2d at 340, an amended Removal Notice would supersede the original Removal Notice, rendering moot Plaintiff's Motion to remand.

In particular, Defendants, wish to amend the Removal Notice to assert that Norfolk's principal place of business is in Virginia, thereby establishing complete diversity between Plaintiff and both Defendants. In opposing Defendants' Motion, Plaintiff argues that Defendants' motion is untimely given that the 30-day limit for removal has elapsed, Plaintiff's Memorandum at 2, and that Defendants' failure to sufficiently allege the jurisdictional basis is a fundamental defect, rather than a technical error, which cannot be corrected by an untimely amended removal notice, *id.* at 2-3, but requires competent proof establishing Norfolk's principal place of business is in Virginia, *id.* at 3-4.

Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Whether to grant a motion to amend a removal notice is within the court's discretion. *Arancio v. Prudential Insurance Company of America*, 247 F.Supp.2d 333, 336 (S.D.N.Y. 2002) (citing *Grow Group, Inc. v. Jandernoa*, 1995 WL 60025 (S.D.N.Y. Feb. 10, 1995)).

Plaintiff's reliance on *Snyder*, 762 F.Supp. 71, in support of the argument that Defendants' Motion is untimely given that the 30-day limit in which to remove has passed, Plaintiff's Memorandum at 2, is inapposite. Relevant to the instant case, in *Snyder*, the court distinguished between "*pro forma*" defects, which "cannot suffice to deprive a party of a plain entitlement to a federal forum, *Snyder*, 762 F.Supp. at 74, and the "'complete absence of an allegation [which] cannot be regarded as an allegation defective in form.'" *Id*. (quoting *F & L Drug Corp. v. American Cent. Ins. Co.*, 200 F.Supp. 718, 722 (D.Conn. 1961) (bracketed material added)). Although in *Snyder* the original notice of removal asserted diversity of citizenship as the jurisdictional basis for removal, citizenship was not alleged for two of the three defendants, as of the time the action was commenced, nor for the plaintiff or the third defendant when the action was removed. *Id*. at 72-73. The court considered the amended removal petition "more analogous to a clarification of an ill-pleaded allegation than it is to the assertion of an entirely new ground for removal." *Id.* at 74. Because the "defect" was not considered "fundamental," the defendants were permitted to file an amended petition for removal, even though the 30-day period in which to remove had elapsed. *Id*. at 76. In other words, the court distinguished between an inadvertent omission of a fact necessary to establish the jurisdictional ground alleged, which was allowed, and the assertion of a new ground for federal subject matter jurisdiction, which was not allowed. *Id*. at 76 (finding that the defendant's "deficient allegation of diversity at the time of removal is not tantamount to 'the total absence of jurisdictional foundations,' and that there is no underlying controversy over the propriety of federal jurisdiction.").

Other courts have similarly permitted a removing defendant to amend the petition

for removal to allege facts necessary to support federal subject matter jurisdiction based on diversity. See, e.g., Royal Crest Development Corp., 225 F.Supp. at 77 (granting motion to amend removal petition to allow removing defendant to allege that defendant's principal place of business is in Texas, thereby establishing federal subject matter jurisdiction based on diversity of citizenship). See also Milstead Supply Co. v. Casualty Insurance Co., 797 F.Supp. 569, 574 (W.D.Tex. 1992) (permitting removing defendants, who had "imperfectly expressed" general allegations of diversity jurisdiction, including failing to state one corporate defendant's principal place of business was outside of state of Texas, to amend removal petition "to specifically and properly plead the diversity jurisdiction of this Court based upon the corporate citizenship of the parties"). Similarly, in the instant case, the error Defendants seek to correct is more properly considered as "*pro forma*" rather than fundamental, such that Defendants' filing of the motion after the 30-day limit in which to removed had elapsed does not preclude the motion. Snyder, 762 F.Supp. at 74-75; see also Royal Crest Development Corporation v. Republic Insurance Co., 225 F.Supp. 76, 77 (E.D.N.Y. 1963) (granting, after time in which to remove had passed, removing defendant's motion to amend removal petition).

Because the instant action is still at the pleading stage, and Defendants are not attempting to assert any new fact inconsistent with those already alleged by Plaintiff, at this time, the court need not consider whether the assertion, found in Norfolk's Amended Answer, ¶ 3, Defendants' papers in support of Defendants' Motion, Defendants' Memorandum at 1; Chiriboga Affidavit ¶ 4, as well as in the Complaint, Complaint ¶ 3, that Norfolk's principal place of business is in Virginia, is supported by

13

competent evidence. *See Gafford v. General Electric Co.*, 997 F.2d 150, 164 (6th Cir. 1993) (holding amendment of a notice of removal should be subject to the same liberal rules employed in testing the sufficiency of pleadings). Nor does Plaintiff assert that the proposed amendment should be denied as futile because Defendants are not able to prove Norfolk's principal place of business is somewhere other than New York. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding trial court has discretion under Fed. R. Civ. P. 15 to deny leave to amend pleading where proposed amendment would be futile); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (same). In any event, granting Defendants' motion to amend the Removal Notice does not deprive Plaintiff of the right to obtain discovery so as to determine whether Norfolk's principal place of business is in New York, supporting a motion to remand for lack of subject matter jurisdiction, which can be made at any time. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (observing that 30-day limit in which to move to remand based on improper removal does not apply to jurisdictional defects insofar as 28 U.S.C. § 1447(c) provides "[i]f at any time before final judgment it appear that the district court lacks subject matter jurisdiction, the case shall be remanded").

As such, Defendants' motion for leave to file an amended petition for removal is GRANTED.[7]

---

[7] Because the granting of Defendants' motion for leave to file an amended petition does not turn on the merits of the arguments Plaintiff submits in support of remand, it is not dispositive within the ambit of *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), and, as such, is issued as a Decision and Order rather than as a Report and Recommendation. Should the District Judge, however, disagree, then the matter should be treated as a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

## **CONCLUSION**

Based on the foregoing, Defendants' motion to amend the Notice of Removal (Doc. No. 7), is GRANTED; Plaintiff's motion to remand (Doc. No. 6), is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

  _____
  LESLIE G. FOSCHIO
  UNITED STATES MAGISTRATE JUDGE

DATED:  June 9, 2010
  Buffalo, New York